# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT LAW DIVISION

ROGER MONTENEGRO TORREZ
and ELVA DOMINGUEZ RIVERO
DE MONTENEGRO, Personal
Representatives of the heirs of
DANIEL MONTENEGRO RODRIGUEZ,
deceased, INES SHELY DIANTAR
ROJAS, Personal Representative of
the heirs of SERGIO RODRIGO
MARANON MOSCOSA, deceased,
NACIRA BAKRY DE GUTIERREZ,
Personal Representative of the heirs
of JOAQUIN GIBERTO GUTIERREZ
CHAVEZ, deceased, IVETTE KAREN
MAZANEDA ADUVIRI, Personal
Representative of the heirs of WILLIAM
GABRIEL LARA CASTRO, deceased,
CESAR ROMAN VACA, Personal
Representative of the heirs of SANTIAGO
ROMAN PARADA, deceased, SUSAN
MONICA CASSIO PORTUGAL, Personal
Representative of the heirs of OSCAR
ELIECER VALENCIA MUNOZ, deceased,
DOMINGO NELSON VLAHOVIC PEREIRA
and CECILIA MENDOZA MONTERO DE
VLAHOVIC, Personal Representatives of the
heirs of MAURICIO NELSON VLAHOVIC
MENDOZA, deceased,

                    Plaintiffs

            v

HONEYWELL, INTERNATIONAL, a corporation,
UNITED TECHNOLOGIES CORPORATION, a
corporation, MATTHEW HIER, M7 AEROSPACE,
LP, a limited partnership, JEPPESEN SANDERSON,
INC., a corporation, JEPPESEN SANDERSON, GmbH,
a corporation, THE BOEING COMPANY, a
corporation,

                    Defendants

## COMPLAINT

Plaintiffs Roger Montenegro Torrez and Elva Dominguez Rivero de Montenegro, Personal Representatives of the heirs of Daniel Montenegro Rodriguez, deceased, Ines Shely Diantar Rojas, Personal Representative of the heirs of Sergio Rodrigo Maranon Moscosa, deceased, Nacira Bakry de Gutierrez, Personal Representative of the heirs of Joaquin Giberto Gutierrez Chavez, deceased, Ivette Karen Mazaneda Aduviri, Personal Representative of the heirs of William Gabriel Lara Castro, deceased, Cesar Roman Vaca, Personal Representative of the heirs of Santiago Roman Parada, deceased, Susan Monica Cassio Portugal, Personal Representative of the heirs of Oscar Eliecer Valencia Munoz, deceased, Domingo Nelson Vlahovic Pereira and Cecilia Mendoza Montero de Vlahovic, Personal Representatives of the heirs of Mauricio Nelson Vlahovic Mendoza, deceased, through their attorneys WISNER LAW FIRM, for their complaint against defendants Honeywell, International, a corporation, United Technologies Corporation, a corporation, Matthew Hier, M7 Aerospace, LP, a limited partnership, Jeppesen Sanderson, Inc., a corporation, Jeppesen Sanderson, GmbH, a corporation, and The Boeing Company, a corporation, state as follows:

### COUNT I

1. Plaintiffs and plaintiffs' decedents are or were citizens and residents of Bolivia. Plaintiffs are the duly-authorized personal representatives of the heirs of their respective decedents

2. Defendants Honeywell, International (hereinafter referred to as "Honeywell"), United Technologies Corporation (hereinafter referred to as "UTC") and Jeppesen Sanderson, Inc. (hereinafter referred to as "Jeppesen Sanderson") are corporations

2

which are incorporated, and have their principal places of business, in the United States. Defendant M7 Aerospace, LP (hereinafter referred to as "M7") is a limited partnership whose partners, upon information and belief, are citizens and residents of the United States. Defendant Jeppesen Sanderson GmbH (hereinafter referred to as "Jeppesen GmbH") is a corporation which, upon information and belief, is incorporated, and has its principal place of business, in Germany. Defendants Honeywell, UTC, Jeppesen Sanderson, Jeppesen GmbH and M7 do business in Illinois sufficient to subject them to the jurisdiction of the courts of this State. Defendant Matthew Hier (hereinafter referred to as "Hier") is a citizen of the United States and a resident of Illinois. Defendant The Boeing Company (hereinafter referred to as "Boeing") is a corporation incorporated in the United States which has its principal place of business in, and is a resident of, Illinois.

3. On September 6, 2011, plaintiffs' decedents were on board a Fairchild SA227-BC Metro III aircraft, registration CP-2548, serial number BC-768B (the "subject aircraft"), being operated by Aerocon airlines as Flight A4-238 from Santa Cruz to Trinidad, Bolivia (the "subject flight").

4. Prior to the aforesaid date, defendants UTC and/or Honeywell designed, manufactured, assembled, and sold a Mark IV Ground Proximity Warning System (GPWS) which was installed, and in operating condition, on the subject aircraft during the subject flight.

5. At the time the said GPWS left the control of these defendants, it was defective and unreasonably dangerous in or more of the following respects:

3

(a) the GPWS was designed, manufactured, assembled and sold such that the system did not provide timely aural and visual warnings when needed under all conditions and as to all terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendants;

(b) the GPWS was designed, manufactured, assembled and sold so that it sounded an unreasonable number of false or nuisance warnings which interfered with the safe operation of the flight and caused flight crews to lose confidence in the GPWS;

(c) the GPWS was designed, manufactured, assembled and sold so that aural and visual warnings could be inhibited, deactivated or cancelled;

(d) the GPWS was designed, manufactured, assembled and sold without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about the GPWS and its component parts and as to the limitations of the GPWS and its component parts.

(e) the GPWS was designed, manufactured, assembled and sold without being adequately tested in all reasonably-anticipated terrains and under all reasonably-anticipated conditions.

6. As the direct and proximate result of one or more of the foregoing unreasonably dangerous defects, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia, and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

7. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

4

8. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

9. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendants United Technologies Corporation and Honeywell, International, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT II

1-4. As paragraphs 1-4 of Count II, plaintiffs reallege paragraphs 1-4 of Count I.

5. Defendants UTC and Honeywell owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in the design, manufacture, assembly, and sale of the GPWS and in providing after-sale advice, warnings, and instructions to users and operators of the GPWS so as not to cause injury to, or the deaths of, plaintiffs' decedents.

6. Defendants negligently breached the duty of care they owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts or omissions:

(a) negligently designed, manufactured, assembled, and sold the GPWS so that the system did not provide timely aural and visual warnings when needed under all conditions and as to all terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendants;

5

(b) negligently designed, manufactured, assembled, and sold the GPWS so that the system sounded an unreasonable number of false or nuisance warnings which interfered with the safe operation of the flight and caused flight crews to lose confidence in the GPWS;

(c) negligently designed, manufactured, assembled, and sold the GPWS so that aural and visual warnings could be inhibited, deactivated or cancelled;

(d) negligently designed, manufactured, assembled, and sold the GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about the GPWS and its component parts and as to the limitations of the GPWS and its component parts;

(e) negligently designed, manufactured, assembled, and sold the GPWS without properly and adequately inspecting and testing the GPWS and its component parts under all reasonably anticipated conditions and terrain;

(f) negligently sold the GPWS when defendants knew or reasonably should have known that the design of the GPWS was outdated, causing the GPWS to be unreasonably dangerous;

(g) negligently sold the GPWS when defendants knew or reasonably should have known that a more effective product known as an Enhanced Ground Proximity Warning System (EGPWS) was available;

(h) negligently failed to advise the purchasers of the GPWS to instead purchase an EGPWS for the subject accident aircraft; and

(i) negligently failed to advise the users and operators of the GPWS on the subject aircraft to replace that GPWS with an EGPWS.

6

7. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendants, in breach of their duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

8. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

9. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

10. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendants United Technologies Corporation and Honeywell International, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

**COUNT III**

1-5. As paragraphs 1-5 of Count III, plaintiffs reallege paragraphs 1-5 of Count I.

6. As a direct and proximate result of one or more of the foregoing unreasonably dangerous defects, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse

injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

7. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

8. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendants United Technologies Corporation and Honeywell International, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IV

1-4. As paragraphs 1-4 of Count IV, plaintiffs reallege paragraphs 1-4 of Count I.

5. Defendants UTC and Honeywell owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in the design, manufacture, assembly, and sale of the GPWS and in providing after-sale advice, warnings, and instructions to users and operators of the GPWS so as not to cause injury to, or the deaths of, plaintiffs' decedents.

6. Defendants negligently breached the duty of care they owed to plaintiffs and plaintiffs' decedents through one or more of the following negligent acts or omissions:

(a) negligently designed, manufactured, assembled, and sold the GPWS so that the system did not provide timely aural and visual warnings when needed

8

under all conditions and as to all terrain and, specifically, did not provide such aural and visual warnings as represented and warranted by defendants;

(b) negligently designed, manufactured, assembled, and sold the GPWS so that the system sounded an unreasonable number of false or nuisance warnings which interfered with the safe operation of the flight and caused flight crews to lose confidence in the GPWS;

(c) negligently designed, manufactured, assembled, and sold the GPWS so that aural and visual warnings could be inhibited, deactivated or cancelled;

(d) negligently designed, manufactured, assembled, and sold the GPWS without proper and adequate warnings of the unsafe and dangerous conditions then and there existing on or about the GPWS and its component parts and as to the limitations of the GPWS and its component parts;

(e) negligently designed, manufactured, assembled, and sold the GPWS without properly and adequately inspecting and testing the GPWS and its component parts under all reasonably anticipated conditions and terrain;

(f) negligently sold the GPWS when defendants knew or reasonably should have known that the design of the GPWS was outdated, causing the GPWS to be unreasonably dangerous;

(g) negligently sold the GPWS when defendants knew or reasonably should have known that a more effective product known as an Enhanced Ground Proximity Warning System (EGPWS) was available;

(h) negligently failed to advise the purchasers of the GPWS to instead purchase an EGPWS for the subject accident aircraft; and

9

(i)  negligently failed to advise the users and operators of the GPWS on the subject aircraft to replace that GPWS with an EGPWS.

7. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendants UTC and Honeywell, in breach of their duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

8. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

9. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against defendants United Technologies Corporation and Honeywell International, Inc. for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT V

1-4. As paragraphs 1-4 of Count V, plaintiffs reallege paragraphs 1-4 of Count I.

5. Defendant Matthew Hier is the Engineering Manager for defendant UTC's Hamilton Sundstrand Co. business unit. Defendant Hier owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in providing after-sale warnings, instructions and advice as to the unsafe and dangerous conditions then and there

10

existing upon the GPWS and its component parts, the limitations of the GPWS and its component parts, and the availability of the more effective EGPWS.

6. Defendant Hier negligently breached the duty he owed to plaintiffs and plaintiffs' decedents by negligently failing to advise operators and users of the subject GPWS and its component parts as to the unsafe and dangerous conditions then and there existing upon the GPWS and its component parts, including, but not limited to, those defects set forth in Count I, paragraph 5 (a)-(f) and the limitations of the GPWS and its component parts, negligently failing to advise the operators and users of the subject GPWS that the design of that GPWS was outdated, causing that GPWS to be unreasonably dangerous, and negligently failing to advise and recommend to the operators and users of the GPWS on the subject aircraft to replace that GPWS with an EGPWS.

7. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant, in breach of his duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

8. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

9. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

10. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

11

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor and against the defendant Matthew Hier for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

**COUNT VI**

1-4. As paragraphs 1-4 of Count VI, plaintiffs reallege paragraphs 1-4 of Count I.

5. Defendant Matthew Hier is the Engineering Manager for defendant UTC's Hamilton Sundstrand Co. business unit. Defendant Hier owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in providing after-sale warnings, instructions and advice as to the unsafe and dangerous conditions then and there existing upon the GPWS and its component parts, the limitations of the GPWS and its component parts, and the availability of the more effective EGPWS.

6. Defendant Hier negligently breached the duty he owed to plaintiffs and plaintiffs' decedents by negligently failing to advise operators and users of the subject GPWS and its component parts as to the unsafe and dangerous conditions then and there existing upon the GPWS and its component parts, including, but not limited to, those defects set forth in Count I, paragraph 5 (a)-(f) and the limitations of the GPWS and its component parts, negligently failing to advise the operators and users of the subject GPWS that the design of that GPWS was outdated, causing that GPWS to be unreasonably dangerous, and negligently failing to advise and recommend to the operators and users of the GPWS on the subject aircraft to replace that GPWS with an EGPWS.

7. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant, in breach of his duty owed, the subject aircraft was caused to, and did violently crash into the ground on approach to the airport at Trinidad, Bolivia

12

and , as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

8. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

9. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor and against the defendant Matthew Hier for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT VII

1-3. As paragraphs 1-3 of Count VII, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, Fairchild Aircraft, Inc., ("Fairchild") the predecessor of defendant M7, designed, manufactured, assembled, tested, and sold the subject aircraft.

5. Subsequent to the manufacture and sale of the subject aircraft, and prior to the subject occurrence on September 6, 2011, Fairchild ceased doing business and, on information and belief, filed for bankruptcy protection. Defendant M7, on information and belief, purchased certain assets of Fairchild and impliedly assumed the liability of Fairchild for any defects in products designed, manufactured, assembled, tested and sold by Fairchild and still in use, including the subject aircraft.

13

6. Further, defendant M7 acted as a mere continuation of the business of its predecessor Fairchild in providing after-sale service, instruction and advice as to the proper maintenance, repair, modification, operation and use of products previously designed, manufactured, assembled, tested and sold by Fairchild, including the subject model aircraft and the subject aircraft and its component parts.

7. At the time the subject aircraft left the control of Fairchild, the subject aircraft contained conditions which rendered it defective and unreasonably dangerous when used in a reasonably foreseeable manner in one or more of the following respects:

(a) the subject aircraft did not contain a GPWS or other terrain collision warning system which would provide timely aural and visual warnings of approaching terrain;

(b) the subject aircraft was not equipped with an autopilot;

(c) the Global Positioning System (GPS) did not display distance to the Missed Approach Point;

(d) the moving map display on the GPS was of limited usefulness because of the vertical size of its LCD screen; and

(e) the GPS did not provide any vertical advisory guidance.

8. As the direct and proximate result of one or more of the foregoing unreasonably dangerous defects, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

9. Defendant M7 is liable for the defective design, manufacture, assembly, testing and sale of the subject aircraft by its predecessor Fairchild because defendant M7

14

impliedly assumed the liabilities of Fairchild and because defendant M7 acted as a mere continuation of Fairchild in providing after-sale service, instruction and advice as to the proper service, maintenance, repair, modification, operation and use of the subject model aircraft and the subject aircraft and its component parts.

10. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

11. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

12. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against the defendant M7 Aerospace, LP for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT VIII

1-3. As paragraphs 1-3 of Count VIII, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, Fairchild, the predecessor of defendant M7, designed, manufactured, assembled, tested, and sold the subject aircraft.

5. Subsequent to the manufacture and sale of the subject aircraft, and prior to the subject occurrence on September 6, 2011, Fairchild ceased doing business and, on information and belief, filed for bankruptcy protection. Defendant M7, on information and belief, purchased certain assets of Fairchild and impliedly assumed the liability of

15

Fairchild for any defects in products designed, manufactured, assembled, tested and sold by Fairchild and still in use, including the subject aircraft.

6. Further, defendant M7 acted as a mere continuation of the business of its predecessor Fairchild in providing after-sale service, instruction and advice as to the proper maintenance, repair, modification, operation and use of products previously designed, manufactured, assembled, tested and sold by Fairchild, including the subject model aircraft and the subject aircraft and its component parts.

7. Fairchild negligently designed, manufactured, assembled, tested and sold the subject aircraft in one or more of the following respects:

(a) negligently designed, manufactured, assembled and sold the subject aircraft without a GPWS or other terrain collision warning system which would provide timely aural and visual warnings and alerts of approaching terrain;

(b) negligently failed to advise the operators of the subject aircraft to fit the aircraft with an Enhanced Ground Proximity Warning System or other terrain collision warning system which would provide timely aural and visual warnings and alerts as to approaching terrain;

(c) negligently designed, manufactured, assembled and sold the subject aircraft with those defects described in Count VII, paragraph 7, subparagraphs (a)-(e); and

(d) negligently failed to warn of the dangers presented by the defective and unreasonably dangerous conditions in the subject aircraft.

8. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions, the subject aircraft was caused to, and did, violently crash into the ground

on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

9. Defendant M7 is liable for the negligent design, manufacture, assembly, testing and sale of the subject aircraft by its predecessor Fairchild because defendant M7 impliedly assumed the liabilities of Fairchild and because defendant M7 acted as a mere continuation of Fairchild in providing after-sale service, instruction and advice as to the proper service, maintenance, repair, modification, operation and use of the subject model aircraft and the subject aircraft and its component parts.

10. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

11. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

12. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against the defendant M7 Aerospace, LP for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT IX

1-3. As paragraphs 1-3 of Count IX, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, Fairchild, the predecessor of defendant M7, designed, manufactured, assembled, tested, and sold the subject aircraft

17

5. Subsequent to the design and manufacture of the subject aircraft and prior to the subject occurrence on September 6, 2011, defendant M7 impliedly assumed and succeeded to the service contracts of its predecessor Fairchild.

6. Defendant M7 voluntarily assumed a duty to warn operators of the subject aircraft of defects in the subject aircraft and to advise them as to necessary modifications to the subject aircraft.

7. Prior to September 6, 2011, and at all times relevant hereto, defendant M7 knew the subject aircraft was defective and unreasonably dangerous due to the defects described in Count VII, paragraph 7 (a)-(e).

8. At all times relevant hereto, defendant M7 had actual or constructive knowledge of the identity and location of the owner and operator of the subject aircraft and owed a duty to the said owner and operator and to plaintiffs' decedents to warn them of the defective and unreasonably dangerous condition of the subject aircraft.

9. Defendant M7 breached its duty owed by negligently failing to advise and warn the owner and operator of the subject aircraft and plaintiffs' decedents of the dangers presented by the defects in the subject aircraft and by negligently failing to advise the owner and operator of the subject aircraft to fit the subject aircraft with an Enhanced Ground Proximity Warning System or other terrain collision warning system which would provide timely aural and visual warnings and alerts as to approaching terrain.

10. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant, in breach of its duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

18

11. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

12. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

13. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against the defendant M7 Aerospace, LP for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT X

1-3. As paragraphs 1-3 of Count X, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, Fairchild, the predecessor of defendant M7, designed, manufactured, assembled, tested, and sold the subject aircraft.

5. Subsequent to the manufacture and sale of the subject aircraft, and prior to the subject occurrence on September 6, 2011, Fairchild ceased doing business and, on information and belief, filed for bankruptcy protection. Defendant M7, on information and belief, purchased certain assets of Fairchild and impliedly assumed the liability of Fairchild for any defects in products designed, manufactured, assembled, tested and sold by Fairchild and still in use, including the subject aircraft.

6. Further, defendant M7 acted as a mere continuation of the business of its predecessor Fairchild in providing after-sale service, instruction and advice as to the

19

proper maintenance, repair, modification, operation and use of products previously designed, manufactured, assembled, tested and sold by Fairchild, including the subject model aircraft and the subject aircraft and its component parts.

7. At the time the subject aircraft left the control of Fairchild, the subject aircraft contained conditions which rendered it defective and unreasonably dangerous when used in a reasonably foreseeable manner in one or more of the following respects:

(a) the subject aircraft did not contain a GPWS or other terrain collision warning system which would provide timely aural and visual warnings of approaching terrain;

(b) the subject aircraft was not equipped with an autopilot;

(c) the Global Positioning System (GPS) did not display distance to the Missed Approach Point;

(d) the moving map display on the GPS was of limited usefulness because of the vertical size of its LCD screen; and

(e) the GPS did not provide any vertical advisory guidance.

8. As a direct and proximate result of one or more of the foregoing unreasonably dangerous defects, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

20

9. Defendant M7 is liable for the defective design, manufacture, assembly, testing and sale of the subject aircraft by its predecessor Fairchild because defendant M7 impliedly assumed the liabilities of Fairchild and because defendant M7 acted as a mere continuation of Fairchild in providing after-sale service, instruction and advice as to the proper service, maintenance, repair, modification, operation and use of the subject model aircraft and the subject aircraft and its component parts.

7. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

8. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against the defendant M7 Aerospace, LP for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XI

1-3. As paragraphs 1-3 of Count XI, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, Fairchild, the predecessor of defendant M7, designed, manufactured, assembled, tested, and sold the subject aircraft.

5. Subsequent to the manufacture and sale of the subject aircraft, and prior to the subject occurrence on September 6, 2011, Fairchild ceased doing business and, on information and belief, filed for bankruptcy protection. Defendant M7, on information and belief, purchased certain assets of Fairchild and impliedly assumed the liability of Fairchild for any defects in products designed, manufactured, assembled, tested and sold by Fairchild and still in use, including the subject aircraft.

21

6. Further, defendant M7 acted as a mere continuation of the business of its predecessor Fairchild in providing after-sale service, instruction and advice as to the proper maintenance, repair, modification, operation and use of products previously designed, manufactured, assembled, tested and sold by Fairchild, including the subject model aircraft and the subject aircraft and its component parts.

7. Fairchild negligently designed, manufactured, assembled, tested and sold the subject aircraft in one or more of the following respects:

(a) negligently designed, manufactured, assembled and sold the subject aircraft without a GPWS or other terrain collision warning system which would provide timely aural and visual warnings and alerts of approaching terrain;

(b) negligently failed to advise the operators of the subject aircraft to fit the aircraft with an Enhanced Ground Proximity Warning System or other terrain collision warning system which would provide timely aural and visual warnings and alerts as to approaching terrain;

(c) negligently designed, manufactured, assembled and sold the subject aircraft with those defects described in Count VII, paragraph 7, subparagraphs (a)-(e); and

(d) negligently failed to warn of the dangers presented by the defective and unreasonably dangerous conditions in the subject aircraft.

8. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both

a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

9. Defendant M7 is liable for the negligent design, manufacture, assembly, testing and sale of the subject aircraft by its predecessor Fairchild because defendant M7 impliedly assumed the liabilities of Fairchild and because defendant M7 acted as a mere continuation of Fairchild in providing after-sale service, instruction and advice as to the proper service, maintenance, repair, modification, operation and use of the subject model aircraft and the subject aircraft and its component parts.

10. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

11. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against the defendant M7 Aerospace, LP for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XII

1-3. As paragraphs 1-3 of Count XII, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, Fairchild, the predecessor of defendant M7, designed, manufactured, assembled, tested, and sold the subject aircraft.

5. Subsequent to the design and manufacture of the subject aircraft and prior to the subject occurrence on September 6, 2011, defendant M7 impliedly assumed and succeeded to the service contracts of its predecessor Fairchild.

23

6. Defendant M7 voluntarily assumed a duty to warn operators of the subject aircraft of defects in the subject aircraft and to advise them as to necessary modifications to the subject aircraft.

7. Prior to September 6, 2011, and at all times relevant hereto, defendant M7 knew the subject aircraft was defective and unreasonably dangerous due to the defects described in Count VII, paragraph 7 (a)-(e).

8. At all times relevant hereto, defendant M7 had actual or constructive knowledge of the identity and location of the owner and operator of the subject aircraft and owed a duty to the said owner and operator and to plaintiffs' decedents to warn them of the defective and unreasonably dangerous condition of the subject aircraft.

9. Defendant M7 breached its duty owed by negligently failing to advise and warn the owner and operator of the subject aircraft and plaintiffs' decedents of the dangers presented by the defects in the subject aircraft and by negligently failing to advise the owner and operator of the subject aircraft to fit the subject aircraft with an Enhanced Ground Proximity Warning System or other terrain collision warning system which would provide timely aural and visual warnings and alerts as to approaching terrain.

10. As a direct and proximate result of one or more of the foregoing negligent acts or omissions of defendant, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

24

11. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

12. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through their undersigned counsel, pray for the entry of a judgment in their favor and against the defendant M7 Aerospace, LP for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XIII

1-3. As paragraphs 1-3 of Count XIII, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, defendants Jeppesen Sanderson and Jeppesen GmbH produced and sold certain charts for instrument approaches to the airport at Trinidad, Bolivia, including charts for a Runway 14 Instrument Flight Rules (IFR) approach.

5. At the time these charts left the control of these defendants, they were defective and unreasonably dangerous in one or more of the following respects:

(a) the charts provided only limited references to the distance to the Missed Approach Point;

(b) the Minimum Safe Altitudes for flight segments were not placed in bold font, underlined or otherwise emphasized;

(c) the charts did not provide colored contours to depict terrain; and

(d) the charts did not provide a depiction of terrain under the flight path.

6. As the direct and proximate result of one or more of the foregoing unreasonably dangerous defects, the subject aircraft was caused to, and did, violently crash into the

ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs decedents were injured and caused to expire.

7. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

8. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

9. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendants Jeppesen Sanderson, Inc. and Jeppesen Sanderson GmbH for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such damages as may be allowed by law.

## COUNT XIV

1-3. As paragraphs 1-3 of Count XIV, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, defendants Jeppesen Sanderson and Jeppesen GmbH produced and sold certain charts for instrument approaches to the airport at Trinidad, Bolivia, including charts for a Runway 14 Instrument Flight Rules (IFR) approach.

5. Defendants Jeppesen Sanderson and Jeppesen Gmbh owed plaintiffs and plaintiffs' decedents a duty to exercise reasonable care in the production and sale of the above-described charts so as not to cause injury to, or the deaths of, plaintiffs' decedents.

26

6. Defendants Jeppesen Sanderson and Jeppesen GmbH negligently breached their duty of care by producing and selling the subject charts with those defects described in Count XIII, paragraph 5, subparagraphs (a)-(d).

7. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendants, in breach of their duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

7. Plaintiffs' decedents left surviving heirs and next of kin for whose benefit this action is brought.

8. Plaintiffs and the other heirs and next of kin of their respective decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the deaths of plaintiffs' decedents.

9. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendants Jeppesen Sanderson, Inc. and Jeppesen Sanderson GmbH for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XV

1-3. As paragraphs 1-3 of Count XV, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, defendants Jeppesen Sanderson and Jeppesen GmbH produced and sold certain charts for instrument approaches to the airport at Trinidad, Bolivia, including charts for a Runway 14 Instrument Flight Rules (IFR) approach.

5. At the time these charts left the control of these defendants, they were defective and unreasonably dangerous in one or more of the following respects:

(a) the charts provided only limited references to the distance to the Missed Approach Point;

(b) the Minimum Safe Altitudes for flight segments were not placed in bold font, underlined or otherwise emphasized;

(c) the charts did not provide colored contours to depict terrain; and

(d) the charts did not provide a depiction of terrain under the flight path.

6. As a direct and proximate result of one or more of the foregoing conditions, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their death, and property damage.

7. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

8. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendants Jeppesen Sanderson, Inc. and Jeppesen

28

Sanderson GmbH for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XVI

1-3. As paragraphs 1-3 of Count XVI, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, defendants Jeppesen Sanderson and Jeppesen GmbH produced and sold certain charts for instrument approaches to the airport at Trinidad, Bolivia, including charts for a Runway 14 Instrument Flight Rules (IFR) approach.

5. Defendants Jeppesen Sanderson and Jeppesen Gmbh owed plaintiffs and plaintiffs' decedents a duty to exercise reasonable care in the production and sale of the above-described charts so as not to cause injury to, or the deaths of, plaintiffs' decedents.

6. Defendants Jeppesen Sanderson and Jeppesen GmbH negligently breached their duty of care by producing and selling the subject charts with those defects described in Count XIII, paragraph 5, subparagraphs (a)-(d).

7. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendants in breach of their duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

7. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

29

8. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendants Jeppesen Sanderson, Inc. and Jeppesen Sanderson GmbH for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

### COUNT XVII

1-3. As paragraphs 1-3 of Count XVII, plaintiffs reallege paragraphs 1-3 of Count I.

4. Prior to said date, defendants Jeppesen Sanderson and Jeppesen GmbH produced and sold certain charts for instrument approaches to the airport at Trinidad, Bolivia, including charts for a Runway 14 Instrument Flight Rules (IFR) approach.

5. At the time these charts left the control of these defendants, they were defective and unreasonably dangerous in one or more of the following respects:

(a) the charts provided only limited references to the distance to the Missed Approach Point;

(b) the Minimum Safe Altitudes for flight segments were not placed in bold font, underlined or otherwise emphasized;

(c) the charts did not provide colored contours to depict terrain; and

(d) the charts did not provide a depiction of terrain under the flight path.

7. At all times relevant hereto, defendants Jeppesen Sanderson and Jeppesen GmbH reported to, and continue to report to, the Commercial Aviation Services business unit of the defendant Boeing's Commercial Airplanes Group.

8. At all times relevant hereto, defendant Boeing did not act towards defendants Jeppesen Sanderson and Jeppesen GmbH solely as an owner would act towards subsidiary companies. Rather, defendant Boeing's control of defendants Jeppesen Sanderson and Jeppesen GmbH exceeded that exercised as a normal incident of ownership. Defendant Boeing treated defendants Jeppesen Sanderson and Jeppesen GmbH like operating divisions, not as independent, stand-alone companies.

9. The role of defendant Boeing in the business of defendants Jeppesen Sanderson and Jeppesen GmbH went beyond the mere setting of financial goals and the developing of a general business strategy as an owner. Instead, defendant Boeing developed a business and budgetary strategy for defendant Jeppesen Sanderson and Jeppesen GmbH and required that defendants Jeppesen Sanderson and Jeppesen GmbH follow that strategy.

10. Defendant Boeing specifically directed, supervised, authorized and controlled the manner in which defendants Jeppesen Sanderson and Jeppesen GmbH conducted their activities so as to ensure that defendants Jeppesen Sanderson and Jeppesen GmbH followed the strategy mandated by defendant Boeing.

11. Defendant Boeing directly participated in the business of defendants Jeppesen Sanderson and Jeppesen GmbH by, at defendant Boeing's discretion, directing and overruling the decisions of defendant Jeppesen Sanderson and Jeppesen GmbH's management and interfering in defendant Jeppesen Sanderson and Jeppesen GmbH's's internal management of their business.

12. Defendant Boeing specifically supervised and directed defendant Jeppesen Sanderson and Jeppesen GmbH in their preparation of the approach charts for the airport at Trinidad, Bolivia.

13. The injuries to, and death of, plaintiffs' decedents were reasonably foreseeable as the proximate result of defendant Boeing's negligence in mandating a business strategy for defendants Jeppesen Sanderson and Jeppesen GmbH, authorizing and directing the manner in which that strategy was to be carried out, and in supervising and directing defendants Jeppesen Sanderson and Jeppesen GmbH in their preparation of the approach charts for the airport at Trinidad, Bolivia..

14. Under these facts, defendant Boeing is strictly liable to plaintiffs for its agents, defendants Jeppesen Sanderson's and Jeppesen GmbH 's, production and sale of the defective approach charts for the airport at Trinidad, Bolivia and for the negligent acts and omissions of its agents, defendant Jeppesen Sanderson and Jeppesen GmbH, in preparing and selling these defective charts.

15. Further, defendant Boeing itself owed a duty to plaintiffs and plaintiffs' decedents to exercise reasonable care in mandating a business strategy for defendants Jeppesen Sanderson and Jeppesen GmbH, authorizing and directing the manner in which that strategy was to be carried out, and in supervising and directing defendants Jeppesen Sanderson and Jeppesen GmbH in the preparation and sale of the subject approach charts, so as not to cause injury to, or the death of, plaintiffs' decedents.

16. Defendant Boeing negligently breached its duty owed by negligently supervising and directing and failing to properly supervise and direct defendants Jeppesen Sanderson and Jeppesen GmbH, specifically in the preparation and

32

production of the subject approach charts, such that the charts contained those unreasonably defective and dangerous conditions set forth in paragraph 5 (a)-(d) above.

17. As the direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant, in breach of its duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents were injured and caused to expire.

18. Plaintiffs' decedents left surviving heirs and beneficiaries, including the plaintiffs, for whose benefit this action is brought

19. The plaintiffs and the other heirs and beneficiaries of the decedents have suffered a loss of support, loss of net accumulations, loss of household and other services, loss of care, comfort, companionship, guidance and society and mental anguish, sorrow and grief as the result of the death of plaintiffs' decedents.

20. This action is brought pursuant to 740 ILCS 180/0.01, commonly known as the Illinois Wrongful Death Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

## COUNT XVIII

1-3. As paragraphs 1-3 of Count XVIII, plaintiff realleges paragraphs 1-3 of Count I.

4-16. As paragraphs 4-16 of Count XVIII, plaintiffs reallege paragraphs 4-16 of Count XVII.

17. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of defendant in breach of its duty owed, the subject aircraft was caused to, and did, violently crash into the ground on approach to the airport at Trinidad, Bolivia and, as a consequence thereof, plaintiffs' decedents, and each of them, were caused to suffer multiple and diverse injuries of both a personal and pecuniary nature, inclusive of conscious pain and suffering and severe terror prior to impact and prior to their deaths, and property damage.

18. Had plaintiffs' decedents survived, they each would have been entitled to bring an action for damages, and such actions have survived them.

19. This action is brought pursuant to 755 ILCS 5/27-6, commonly known as the Illinois Survival Act.

WHEREFORE, plaintiffs, through undersigned counsel, pray for the entry of a judgment in their favor against defendant The Boeing Company for an amount in excess of the minimum jurisdictional amount of this Court, together with costs and such other damages as may be allowed by law.

Floyd A. Wisner
Attorney for Plaintiffs

Floyd A. Wisner
Wisner Law Firm
3N780 Trotter Lane
St Charles, IL 60175
(630) 513-9434
11151

# EXHIBIT B

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |





## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. _____

Please serve:

The Boeing Company

100 N. Riverside Dr., Chicago, IL. 60606

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representative of the heirs of DANIEL MONTENEGRO RODRIGUEZ
_____
(Name all parties)

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.
_____

⊙ SUMMONS  ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◯  Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

◯  **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯  **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯  **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯  **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯  **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯  **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11151

Name: Floyd A. Wisner/Wisner Law Firm, P.C.

Atty. for: Plaintiffs

Address: 3N780 Trotter Lane

City/State/Zip: St. Charles, IL 60175

Telephone: (630) 513-9434

WITNESS, _____ JAN 3 201

_____
Clerk of Court

Date of service: _9 January, 201_
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |



*00913598*

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. _____

ROGER MONTENEGRO TORREZ and ELVA DEMANGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ

_____ (Name all parties)

v.

HONEYWELL, INTERNATIONAL, a corporation, et al. _____

Please serve:

The Boeing Company

100 N. Riverside Dr., Chicago, IL. 60606

COPY

### ⦿ SUMMONS ⦾ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ⦿ Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

- ⦾ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077

- ⦾ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ⦾ District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153

- ⦾ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455

- ⦾ District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60428

- ⦾ Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11151

Name: Floyd A. Wisner/Wisner Law Firm, P.C.

Atty. for: Plaintiffs

Address: 3N780 Trotter Lane

City/State/Zip: St. Charles, IL 60175

Telephone: (630) 513-9434

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

JAN 3 2013

CLERK OF CIRCUIT COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. _____

Please serve:

Matther Hier c/o Hamilton Sundstrand Corp.

4747 Harrison Ave., Rockford, IL 61108

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ
_____
**(Name all parties)**

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.
_____

COPY

## ◉ SUMMONS   ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

○ Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

| ○ District 2 - Skokie | ○ District 3 - Rolling Meadows | ○ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ○ District 5 - Bridgeview | ○ District 6 - Markham | ○ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60428 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11151

Name: Floyd A. Wisner/Wisner Law Firm, P.C.

Atty. for: Plaintiffs

Address: 3N780 Trotter Lane

City/State/Zip: St. Charles, IL 60175

Telephone: (630) 513-9434

WITNESS, _____, JAN 3 2013

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

| 2120 - Served | 2121 - Served | **181** | DELIVERED THIS _15_ DAY OF _JAN 2013_ |
| 2220 - Not Served | 2221 - Not Served | | SUSAN PAMERLEAU |
| 2320 - Served By Mail | 2321 - Served By Mail | | SHERIFF OF BEXAR COUNTY, TEXAS _863_ |
| 2420 - Served By Publication | 2421 - Served By Publication | | BY _____ (2/28/11) CCG N001 |
| **SUMMONS** | **ALIAS - SUMMONS** | | DEPUTY |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. _____

Please serve:

M7 Aerospace, LP

10823 NE Entrance Road, San Antonio, TX 78216-6001

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ

_____

**(Name all parties)**

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.

COPY

⦿ **SUMMONS** ◯ **ALIAS SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ◯ Richard J. Daley Center, 50 W. Washington, Room _____801_____, Chicago, Illinois 60602

- ◯ **District 2 - Skokie**
  5600 Old Orchard Rd.
  Skokie, IL 60077

- ◯ **District 3 - Rolling Meadows**
  2121 Euclid
  Rolling Meadows, IL 60008

- ◯ **District 4 - Maywood**
  1500 Maybrook Ave.
  Maywood, IL 60153

- ◯ **District 5 - Bridgeview**
  10220 S. 76th Ave.
  Bridgeview, IL 60455

- ◯ **District 6 - Markham**
  16501 S. Kedzie Pkwy.
  Markham, IL 60428

- ◯ **Child Support**
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _11151_

Name: _Floyd A. Wisner/Wisner Law Firm, P.C._

Atty. for: _Plaintiffs_

Address: _3N780 Trotter Lane_

City/State/Zip: _St. Charles, IL 60175_

Telephone: _(630) 513-9434_

WITNESS, _____

JAN 3 2013

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, \_\_\_\_\_LAW\_\_\_\_\_ DIVISION

2013L000041
CALENDAR/ROOM P
TIME 08:00

No. \_\_Product Liability\_\_

Please serve:

M7 Aerospace, LP

10823 NE Entrance Road, San Antonio, TX 78216-6001

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ
_____
(Name all parties)

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.
_____

📄 COPY

⊙ **SUMMONS** ◯ **ALIAS SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◯ Richard J. Daley Center, 50 W. Washington, Room \_\_\_801\_\_\_, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JAN 3 2013

Atty. No.: \_\_11151\_\_

Name: Floyd A. Wisner/Wisner Law Firm, P.C.

Atty. for: Plaintiffs

Address: 3N780 Trotter Lane

City/State/Zip: St. Charles, IL 60175

Telephone: (630) 513-9434

WITNESS, _____, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

KP / ALL
Transmittal Number: 10736461
Date Processed: 01/15/2013

Primary Contact:    Cynthia J. Pearson
                    The Boeing Company
                    100 N Riverside MC 5003-1001
                    Chicago, IL 60606-1596

| | |
|---|---|
| Entity: | Jeppesen Sanderson, Inc.<br>Entity ID Number  0608985 |
| Entity Served: | Jeppeson Sanderson, Inc. |
| Title of Action: | Roger Montenegro Torrez, Personal Representative of the heirs of Daniel Montenegro Rodriguez vs. Honeywell International |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Wrongful Death |
| Court/Agency: | Cook County Circuit Court, Illinois |
| Case/Reference No: | 2013L000041 |
| Jurisdiction Served: | Colorado |
| Date Served on CSC: | 01/15/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Floyd A. Wisner<br>630-513-9434 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ

(Name all parties)

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.

No. 2013L000041
CALENDAR/ROOM B
TIME 00:00
Product Liability

Please serve:

Jeppeson Sanderson, Inc.

1560 Broadway, Suite 2090, Denver, CO 80202

## ◉ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

   **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

   ◯ **Richard J. Daley Center, 50 W. Washington, Room** _____ 801 _____, Chicago, Illinois 60602

   ◯ **District 2 - Skokie**      ◯ **District 3 - Rolling Meadows**      ◯ **District 4 - Maywood**
   5600 Old Orchard Rd.      2121 Euclid      1500 Maybrook Ave.
   Skokie, IL 60077      Rolling Meadows, IL 60008      Maywood, IL 60153

   ◯ **District 5 - Bridgeview**      ◯ **District 6 - Markham**      ◯ **Child Support**
   10220 S. 76th Ave.      16501 S. Kedzie Pkwy.      28 North Clark St., Room 200
   Bridgeview, IL 60455      Markham, IL 60428      Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11151

Name: Floyd A. Wisner/Wisner Law Firm, P.C.

Atty. for: Plaintiffs

Address: 3N780 Trotter Lane

City/State/Zip: St. Charles, IL 60175

Telephone: (630) 513-9434

WITNESS, _____

JAN 3 2013

DOROTHY BROWN

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | | *By D. Rosenthal* |
|---|---|---|
| 2120 – Served | 2121 – Served | *13-170* |
| 2220 – Not Served | 2221 – Not Served | *1/17/13* |
| 2320 – Served By Mail | 2321 – Served By Mail | *Aero* |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| **SUMMONS** | **ALIAS - SUMMONS** | **(2/28/11) CCG N001** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

RECEIVED
HONEYWELL INTERNATIONAL INC.

JAN 17

M. JOHNSON

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ

_____
(Name all parties)

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.

No. _____

`0013L000041`
`CALENDAR/ROOM 6`
`TIME 00:00`
`Product Liability`

Please serve:

Honeywell, International, Inc.

101 Columbia Road, Morristown, New Jersey 07962

## ⊙ SUMMONS ○ ALIAS SUMMONS                          📄 COPY

**To each Defendant:**

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

   ○ Richard J. Daley Center, 50 W. Washington, Room _____ 801 _____, Chicago, Illinois 60602

   ○ **District 2 - Skokie**          ○ **District 3 - Rolling Meadows**          ○ **District 4 - Maywood**
     5600 Old Orchard Rd.               2121 Euclid                                 1500 Maybrook Ave.
     Skokie, IL 60077                   Rolling Meadows, IL 60008                   Maywood, IL 60153

   ○ **District 5 - Bridgeview**       ○ **District 6 - Markham**                  ○ **Child Support**
     10220 S. 76th Ave.                 16501 S. Kedzie Pkwy.                       28 North Clark St., Room 200
     Bridgeview, IL 60455              Markham, IL 60428                           Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

   This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11151 _____

Name: Floyd A. Wisner/Wisner Law Firm, P.C. _____

Atty. for: Plaintiffs _____

Address: 3N780 Trotter Lane _____

City/State/Zip: St. Charles, IL 60175 _____

Telephone: (630) 513-9434 _____

WITNESS, _____ JAN 3  2013

_____
Clerk of Court  CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                         (Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

SECRETARY OF THE STATE
30 TRINITY STREET
P.O. BOX 150470
HARTFORD, CT 06115-0470

NOTICE OF SERVICE OF PROCESS

01/22/2013
UNITED TECHNOLOGIES CORPORATION
ATTN: NANCY V. GALVIN,
ONE FINANCIAL PLAZA,
HARTFORD, CT 06101

Re: ROGER MONTENEGRO TORREZ, ET AL   V. HONEYWELL, INTERNATIONAL, A
CORPORATION, ET AL

To whom it may concern:

Legal process has been served on the Office of the Secretary of the State of Connecticut as the Statutory Agent
for Service of Process for

UNITED TECHNOLOGIES CORPORATION

in the above referenced matter. Enclosed is a copy of the submission to this office.

Sincerely,
Denise Merrill
Secretary of the State

By:    SHERRI LEMIRE
       860-509-6003

Case #:   0000223052    A 001

Mail Number:   7008 1830 0000 8329 0160

Enc.

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | (2/28/11) CCG N001 |
| SUMMONS | ALIAS - SUMMONS | |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

COUNTY DEPARTMENT, _____LAW_____ DIVISION

A TRUE COPY
ATTEST

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ

(Name all parties)

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.

No. _____

Please serve:

United Technologies Corporation c/o Connecticut Secretary of State

Office of the Secretary of the State, State of Connecticut, 30 Trinity Street, Hartford, CT 06106

COPY
33-929

⊙ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◯ Richard J. Daley Center, 50 W. Washington, Room ____801____, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

33-929

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 11151

Name: Floyd A. Wisner/Wisner Law Firm, P.C.

Atty. for: Plaintiffs

Address: 3N780 Trotter Lane

City/State/Zip: St. Charles, IL 60175

Telephone: (630) 513-9434

WITNESS, _____

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
SUMMONS

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

(2/28/11) CCG N001

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

No. _____

Please serve:

United Technologies Corporation c/o Connecticut Secretary of State

Office of the Secretary of the State, State of Connecticut, 30 Trinity Street, Hartford, CT 06106

ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ
_____ (Name all parties)

v.

HONEYWELL, INTERNATIONAL, a corporation, et al.

◉ SUMMONS ◯ ALIAS SUMMONS

📄 COPY

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◯ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____

Atty. No.: 11151
Name: Floyd A. Wisner/Wisner Law Firm, P.C.
Atty. for: Plaintiffs
Address: 3N780 Trotter Lane
City/State/Zip: St. Charles, IL 60175
Telephone: (630) 513-9434

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT C

8152266000        hamilton sundstrand

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROGER MONTENEGRO TORREZ and
ELVA DOMINGUEZ RIVERO DE
MONTENEGRO, Personal Representatives of
the heirs of DANIEL MONTENEGRO
RODRIGUEZ, deceased, INES SHELY
DIANTAR ROJAS, Personal Representative of
the heirs of SERGIO RODRIGO MARANON
MOSCOSA, deceased, NACIRA BAKRY DE
GUTIERREZ, Personal Representative of the
heirs of JOAQUIN GIBERTO GUTIERREZ
CHAVEZ, deceased, IVETTE KAREN
MAZANEDA ADUVIRI, Personal
Representative of the heirs of WILLIAM
GABRIEL LARA CASTRO, deceased,
CESAR ROMAN VACA, Personal
Representative of the heirs of SANTIAGO
ROMAN PARADA, deceased, SUSAN
MONICA CASSIO PORTUGAL, Personal
Representative of the heirs of OSCAR
ELIECER VALENCIA MUNOZ, deceased,
DOMINGO NELSON VLAHOVIC PEREIRA
and CECILIA MENDOZA MONTERO DE
VLAHOVIC, Personal Representatives of the
heirs of MAURICIO NELSON VLAHOVIC
MENDOZA, deceased,

                    Plaintiffs,

          v.

HONEYWELL INTERNATIONAL, a
corporation; UNITED TECHNOLOGIES
CORPORATION, a corporation; MATTHEW
HIER, M7 AEROSPACE, LP, a limited
partnership; JEPPESEN SANDERSON, INC.,
a corporation; JEPPESEN SANDERSON,
GMBH, a corporation; THE BOEING
COMPANY, a corporation,

                    Defendants.

No. _____

Removed from
Circuit Court of Cook County,
County Department, Law Division
No. 2013-L-000041

# DECLARATION OF MATTHEW HIER

Pursuant to 28 U.S.C. § 1746, Matthew Hier declares the following:

1.      My name is Matthew Hier and I am over 18 years of age and competent to make this declaration. I am named as a defendant in the above-captioned litigation. I am employed by Hamilton Sundstrand Corporation, a UTC Aerospace Systems company.

2.      Hamilton Sundstrand Corporation was formed by the merger of Hamilton Standard and Sundstrand Corporation in 1999. Prior to the merger, I was employed by Sundstrand Corporation.

3.      I have worked in Rockford, Illinois for Sundstrand Corporation, and then for Hamilton Sundstrand, since 1987.

4.      My current title with Hamilton Sundstrand Corporation, a UTC Aerospace Systems company, is Manager, General Engineering.

5.      United Technologies Corporation, ("UTC"), a defendant in this matter, is the parent company of Hamilton Sundstrand Corporation.

6.      I have read a copy of the Complaint in the above-captioned litigation.

7.      My current employer, Hamilton Sundstrand Corporation, and my past employer, Sundstrand Corporation, are not named as parties in the Complaint.

8.      Count V of the Complaint alleges that I am the Engineering Manager for "UTC's Hamilton Sundstrand Co. business unit."

9.      Paragraph 4 of the Complaint alleges that a Mark IV Ground Proximity Warning System ("GPWS") was installed on the aircraft that is the subject of this litigation.

10.     I had no role in the development of the Mark IV GPWS, or later models of the Mark-series GPWS.

2

8152266000     hamilton sundstrand

11.     I had no role in the design of the Mark IV GPWS, or later models of the Mark-series GPWS.

12.     I had no role in the manufacture or sale of the Mark IV GPWS, or later models of the Mark-series GPWS.

13.     I had no responsibility for, and played no role in, the development of warnings or instructions for the Mark IV GPWS, or later models of the Mark-series GPWS.

14.     I have no personal knowledge of the development, design, or manufacture of the Mark IV GPWS, or later models of the Mark-series GPWS.

15.     I have never developed, designed or provided warnings, instructions, or advice for operators or users of the Mark IV GPWS, or later models of the Mark-series GPWS.

16.     The plaintiffs' attorney in this matter, Floyd Wisner, has named me as an individual defendant in five lawsuits filed in Cook County involving aviation accidents. They are 2007 L 004642 (Thornton); 2009 L 001220 (Mohammad Al Gasim Obied I); 2010 L 003842 (Thornton); 2010 L 010973 (Harp) and the current action, 2013 L 000041 (Torrez).

17.     In none of the four causes of action identified above have I ever been served with written discovery requesting information regarding my alleged individual role in causing any of the aviation accidents.

18.     I have never been deposed in any of the previous four causes of action identified above.

19.     I have never been asked to provide answers or written documents as to any individual role that I was alleged to have in the aviation accidents that are the bases of the respective four causes of action identified above.

3

20.     I have never been named as a defendant in any lawsuit filed outside the State of

Illinois.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 31 , 2013                    _matthew hier_____

                                                 Matthew Hier

4

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROGER MONTENEGRO TORREZ and ELVA DOMINGUEZ RIVERO DE MONTENEGRO, Personal Representatives of the heirs of DANIEL MONTENEGRO RODRIGUEZ, deceased, INES SHELY DIANTAR ROJAS, Personal Representative of the heirs of SERGIO RODRIGO MARANON MOSCOSA, deceased, NACIRA BAKRY DE GUTIERREZ, Personal Representative of the heirs of JOAQUIN GIBERTO GUTIERREZ CHAVEZ, deceased, IVETTE KAREN MAZANEDA ADUVIRI, Personal Representative of the heirs of WILLIAM GABRIEL LARA CASTRO, deceased, CESAR ROMAN VACA, Personal Representative of the heirs of SANTIAGO ROMAN PARADA, deceased, SUSAN MONICA CASSIO PORTUGAL, Personal Representative of the heirs of OSCAR ELIECER VALENCIA MUNOZ, deceased, DOMINGO NELSON VLAHOVIC PEREIRA and CECILIA MENDOZA MONTERO DE VLAHOVIC, Personal Representatives of the heirs of MAURICIO NELSON VLAHOVIC MENDOZA, deceased, | No. _____<br><br>Circuit Court of Cook County, County Department, Law Division No. 2013-L-000041 |

Plaintiffs,

v.

HONEYWELL INTERNATIONAL, a corporation; UNITED TECHNOLOGIES CORPORATION, a corporation; MATTHEW HIER, M7 AEROSPACE, LP, a limited partnership; JEPPESEN SANDERSON, INC., a corporation; JEPPESEN SANDERSON, GMBH, a corporation; THE BOEING COMPANY, a corporation,

Defendants.

## DECLARATION OF DAVID McLEAN

I, DAVID McLEAN, state as follows:

1. I am over 18 years of age and competent to make this declaration. This declaration

DECLARATION OF DAVID McLEAN
01038-8235/LEGAL25706025.1

is made based on my personal knowledge and on information collected by other Jeppesen

Sanderson, Inc. ("Jeppesen Sanderson") employees and counsel for Jeppesen Sanderson. This

declaration is filed in support of the Notice of Removal filed in the above-referenced cases. If

called to testify as to these matters, I could and would testify as stated herein.

2.     I have been employed by Jeppesen Sanderson since January 2009. My current

position is Product Manager, Aviation — IFR Charting. In this position, I am primarily

responsible for managing the preparation and sale of aeronautical navigation charts, including

instrument approach charts, for regions in the Western Hemisphere. This includes Jeppesen

Sanderson's chart products for Bolivia. In the course of preparing this I have reviewed Jeppesen

Sanderson's sales, orders and business records. I have personal knowledge regarding the

preparation of Jeppesen Sanderson's instrument approach charts for Teniente Jorge Henrich

Arauz Airport in Trinidad, Bolivia ("the Trinidad Airport"), the relationship between Jeppesen

Sanderson and Aerocon Airlines ("Aerocon"), and the Jeppesen Sanderson products purchased

by Aerocon. I am also familiar with the relationship between Jeppesen Sanderson and The

Boeing Company ("Boeing"), with Jeppesen Sanderson's corporate history and structure and

with Jeppesen Sanderson's acquisition by Boeing.

3.     I have reviewed the complaint filed in the above-captioned actions. I understand

that this lawsuit pertains to the crash of a Fairchild Metroliner III aircraft operated by Aerocon as

flight AE238 on September 6, 2011 near the Trinidad Airport (the "accident").

4.     Among other theories, plaintiffs claim that the accident was the result of defective

instrument approach charts for the Trinidad Airport. To date, Jeppesen Sanderson has not been

contacted by the accident investigators or asked to supply information for the investigation.

From the sources available to me, it does not appear that the accident was in any way related to

the use of aeronautical charts. The Complaint, moreover, does not identify which instrument

approach chart allegedly caused the accident. Nonetheless, the plaintiffs allege that "the charts

provided only limited references to the Missed Approach Point," that "the Minimum Safe

Altitudes for flight segments were not placed in bold font, underlined or otherwise emphasized,"

that "the charts did not provide colored contours to depict terrain," and that "the charts did not

provide a depiction of terrain under the flight path." (Compl., Count XIII ¶ 5.) The Complaint

does not say how or why these alleged defects—all of which relate to the presentation of data

rather than its accuracy—caused the accident.

     5.     The plaintiffs incorrectly claim that the approach charts identified in their

Complaint were produced and sold by both Jeppesen Sanderson and Jeppesen GmbH. All of the

charts for the Trinidad Airport that were produced and sold to Aerocon were prepared, printed

and distributed by Jeppesen Sanderson, from its headquarters in Colorado. Jeppesen GmbH, a

German company, prepares charts for some parts of the world, but not for Bolivia. Jeppesen

GmbH did not prepare, print or distribute any of the Trinidad Airport charts to Aerocon.

     6.     Jeppesen GmbH, moreover, has no relationship with Aerocon. Aerocon began

operations in 2005 and began purchasing Jeppesen charts in 2010. All of its orders have been

placed to Jeppesen Sanderson in Colorado, and the customer services and sales employees

responsible for the relationship with Aerocon are Jeppesen Sanderson employees.

     7.     Turning to plaintiffs' claims against Boeing, there is no claim that the accident was

the result of a product produced directly by Boeing; indeed, Aerocon Airlines has never operated

a Boeing aircraft. Instead, the claims against Boeing are based on its alleged control over

Jeppesen Sanderson. But plaintiffs' allegation that "Boeing specifically supervised and directed

defendant Jeppesen Sanderson and Jeppesen GmbH in their preparation of the approach charts

DECLARATION OF DAVID McLEAN

01038-8235/LEGAL25706025.1          -3-

for the airport at Trinidad, Bolivia," is wholly false. (*See* Compl., Count XVII ¶ 12.) To begin with, of course, Jeppesen GmbH did not prepare the Trinidad Airport charts; there is no way that Boeing could have controlled something that never happened. And the allegation is equally wrong with respect to Jeppesen Sanderson's preparation of the Trinidad Airport charts. Jeppesen Sanderson existed as an independent company for decades before its acquisition by Boeing in 2000. It first prepared aeronautical charts for the Trinidad Airport over a decade before the acquisition, and it has continued to update them independent from Boeing, and in the course of its normal business practices, from that time to the present. The transaction through which Aerocon acquired the Trinidad Airport charts was a direct transaction between Aerocon and Jeppesen Sanderson, with no involvement by Boeing.

   8. Jeppesen Sanderson continues to operate as a separate business from Boeing. The two companies develop, design, manufacture and market different and distinct products. They maintain separate headquarters in separate states, and have separate bylaws and articles of incorporation, and separate boards of directors and officers. Jeppesen Sanderson's executives, as well as the majority of its employees, work near Denver, Colorado, where its executive offices are based and where its corporate activities are controlled. Approximately ten executive-level employees at Jeppesen Sanderson are also employed by Boeing; the remainder of Jeppesen Sanderson's approximately 1,500 employees, including supervisory employees with the authority to hire and fire, such as managers and directors, are solely employed by Jeppesen Sanderson.

9. Jeppesen Sanderson acts on its own behalf in producing, marketing, and selling its products, including the Trinidad Airport charts. Jeppesen Sanderson's customers are its own; indeed, they include direct competitors of Boeing, like Airbus, as well as airlines that do not purchase Boeing aircraft, like Aerocon. Boeing has never directed or controlled the creation, marketing or sale of the Trinidad Airport charts, and does not control or supervise Jeppesen Sanderson's dealings with its customers. The employees who prepare and market the Trinidad Airport charts are paid by Jeppesen Sanderson and supervised by Jeppesen Sanderson managers and directors. Customer contracts and orders related to the Trinidad Airport charts do not include Boeing. Jeppesen Sanderson's receipts, including receipts from sales relating to the Trinidad Airport charts, are received into Jeppesen Sanderson's separate bank accounts. Jeppesen Sanderson has separate cash reserves and holds title to separate assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED at Englewood, Colorado, this 31st day of January, 2013.

DAVID McLEAN

DECLARATION OF DAVID McLEAN
01038-8235/LEGAL25706025.1                    -5-